**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**RODRIGUEZ GUERRERO-GONZALEZ**,

*Petitioner*,

v. Case No. 2:26-cv-03176-BCL-atc

**CHRISTOPHER BULLOCK,**

*Respondent*.

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner Rodriguez Guerrero-Gonzalez has filed a Petition for Writ of Habeas challenging his immigration detention without a bond hearing and seeking immediate release from custody based on that challenge. Doc. 1 at 6. This Court ordered a response and further provided a window for Petitioner to file a reply to that response. Doc. 6. Petitioner replied in opposition, adding an alternative request for a court-ordered bond hearing.[1] Doc. 8 at 10. For the reasons that follow, the Petition is **DENIED**.

[1] The Court notes that at 13 pages, Petitioner's Reply is both more than double the length of his petition and in excess of the page limit imposed by the Local Rules. See LR 7.2(c) ("[R]eply memoranda, if permitted, shall not exceed 5 pages in length."). Petitioner also includes within his reply new arguments and requests for new relief. Doc. 8 at 9-13. Petitioner's counsel is **ADVISED** of the need to comply with Local Rules, that failure to do so may result in sanctions, and (again) that it is improper to include new arguments in a reply brief. *See Silva Perez v. Bullock*, 2026 WL 2629977 (W.D. Tenn. 2026) (noting counsel had on seven occasions improperly saved new arguments for reply, after the response); *JOSE LEONARDO RODRIGUEZ-AREVALO, Petitioner, v. CHRISTOPHER BULLOCK, Field Off. Dir. of U.S. Immigr. & Customs Enf't, New Orleans Field Off., Respondent*., No. 2:26-CV-02763-BCL-TMP, 2026 WL 2280981, at *2 (W.D. Tenn. Aug. 7, 2026) (in case brought by Petitioner's counsel, collecting authorities explaining impropriety of saving arguments for reply). But the noncompliance of Petitioner's counsel does not affect the outcome of this petition, which is based on failure to exhaust.

Petitioner has failed to exhaust administrative remedies: Respondent notes that Petitioner has not sought an initial bond hearing. Doc. 6 at 3. Petitioner has not argued otherwise, despite being expressly granted leave to file a reply. Doc. 6. Petitioner is effectively asking this Court to step in in the first instance, bypassing the Immigration Judge and the Board of Immigration Appeals entirely. Doc. 1. That is inappropriate—particularly where, as here, the petition was filed after the Sixth Circuit held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that some applicants are entitled to individualized bond hearings.

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))). Petitioner must file a bond motion with the immigration court, and exhaust his remedies there, before seeking judicial relief.

In his Reply, Petitioner contends that exhaustion should be excused. He first argues that continued detention could cause irreparable harm due to his wife's medical condition and his need to preserve his family business. Doc. 8 at 5-6. This argument fails for two reasons. First, even if Petitioner's claims might suffice in the abstract, he has offered no proof capable of supporting excusal of exhaustion. And, second, any harm here is largely of Petitioner's own creation: As Respondent recounts (and Petitioner does not dispute), the Immigration Court's Practice Manual provides that upon request, a bond hearing will be scheduled for the earliest possible date, Doc. 6 at 2, meaning that delay in this case will be largely due to Petitioner's choice to attempt to bypass the administrative process in favor of a premature request for adjudication under Article III.

Petitioner next argues that pursuing a bond hearing before an Immigration Judge would be futile. Doc. 8 at 4-5. Specifically, Petitioner argues that he is unlikely to succeed before the Immigration Judge and BIA because of a pattern (which Petitioner asserts but does not prove) of purportedly "pretextual" denials of bond in other cases. That does not suffice to excuse the need for exhaustion in this case, because "the crucial inquiry [is] whether the agency can provide the relief requested if the argument succeeds, not whether it is likely to succeed." *Smith v. United States Sec. & Exch. Comm'n*, 171 F.4th 798, 810 (6th Cir. 2026) (emphasis added). And certainly, mere claims of pretext without actual support cannot warrant excusing exhaustion; to hold otherwise would be inconsistent with the presumption of regularity to which the politically accountable Executive Branch is rightly entitled. *See Acevedo-Solis v. Bullock*, No. 2:26-CV-02816-BCL-TMP, 2026 WL 2137955, at *2 (W.D. Tenn. July 20, 2026).

In sum, Petitioner has not shown that prudential exhaustion of administrative remedies should be excused, and likewise has not exhausted his administrative remedies.

## CONCLUSION

Plaintiff's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

**IT IS SO ORDERED**, this 18th day of September, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE